**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

---------------------------------------------------------x
:
In re                                                    : Chapter 11
:
    FLYi, Inc., *et al.*,[1]                        : Case No. 05-20011 (MFW)
:
                Debtors.        : (Jointly Administered)
:
: **Hearing Date: May 2, 2007 at 3:00 p.m. (ET)**
: **Objection Deadline: April 25, 2007 at 4:00 p.m. (ET)**
:
--------------------------------------------------------- x

**OMNIBUS OBJECTION NO. 30 (SUBSTANTIVE) AND**
**MOTION TO REDUCE OR RECLASSIFY CERTAIN PROOFS OF CLAIM**

       The FLYi and Independence Air Distribution Trust (the "Trust"), as successor in interest to and transferee of the above-captioned debtors (the "Debtors"), hereby moves the Court, pursuant to section 502 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 3007-1 of the Local Rules of Bankruptcy Practice and Procedure (the "Local Rules"), for the entry of an order reducing or reclassifying the claims on Exhibit A, Exhibit B and Exhibit C because, as described below, the claims assert liabilities in excess of amounts actually owed by the Debtors, improperly assert their priority status and/or assert a claim against the wrong Debtor.  In support of this Omnibus Objection, the Trust submits the Declaration of Lisa Wilkins, a copy of which is attached hereto as Exhibit D and incorporated herein by reference, and respectfully represents as follows:

---

[1]    The Debtors are the following seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): FLYi, Inc. (1051); Independence Air, Inc. (1749); Atlantic Coast Jet, LLC (1492); Atlantic Coast Academy, Inc. (9852); IA Sub, Inc. (none); WaKeeney, Inc. (none); and Atlantic Coast Airlines, Inc. (none).  The address of each of the Debtors is 45200 Business Court, Dulles, VA 20166.

## Background

1.      On November 7, 2005 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").[2]  Prior to the discontinuation of scheduled flight operations on the evening of January 5, 2006, FLYi, Inc., through its operating subsidiary Independence Air, Inc., operated a premier low-cost, low-fare airline providing all-jet service to various destinations throughout the United States.

2.      On January 5, 2006, the Court entered an order authorizing the Debtors, among other things, to discontinue their scheduled flight operations.  The Debtors discontinued all of their scheduled flight operations on the evening of January 5, 2006, have liquidated substantially all of their assets and begun the process of reconciling claims against their estates and otherwise winding down the Debtors' affairs.

3.      On November 21, 2006, the Debtors filed the First Amended Joint Plan of Liquidation of FLYi, Inc. and Its Debtor Affiliates (as modified, the "Plan").  On March 15, 2007, the Court entered an order confirming the Plan.  On March 30, 2007, the Plan became effective by its terms, and the Trust became the successor in interest to the Debtors.

### *Request to Reduce Claims*

4.      The Trust has reviewed the proofs of claim identified in the column labeled "Claim Number" on Exhibit A attached hereto (the "Reduction Claims") and has determined that each Reduction Claim asserts liabilities in excess of the amounts currently reflected in the Debtors' books and records as due and owing as of the Petition Date with respect to the underlying obligations or otherwise allowable under the Bankruptcy Code.  As a result, the

---

[2]      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue for this matter is proper in this district pursuant to 28 U.S.C. § 1409.

COI-1368797v2
DB02:5876958.1

064657.1001

amounts asserted in the Reduction Claims, as identified under the column labeled "Claim Amount" on the attached Exhibit A (the "Claim Amounts"), are overstated to include amounts that are not liabilities of the Debtors or their estates as of the Petition Date or are otherwise not allowable (collectively, the "Overstated Amounts") and, therefore, should be reduced to the amounts identified in the column labeled "Modified Claim Amount." The reason for the requested modification is set forth in the column on Exhibit A labeled "Reason for Modification."

5.     Pursuant to section 101 of the Bankruptcy Code, a creditor holds a claim against a bankruptcy estate only to the extent that (a) it has a "right to payment" for the asserted liabilities and (b) the claim is otherwise allowable. See 11 U.S.C. §§ 101(5), 101(10). Because the Trust has determined that the claimants have no right to allowance of the Overstated Amounts as of the Petition Date, the Overstated Amounts should be disallowed, and the amount of the Reduction Claims should be reduced to the Modified Claim Amounts. Moreover, if the Reduction Claims are not reduced as requested herein, each of the Reduction Claimants will receive a disproportionately large claim in these cases, in contravention of the provisions and policies of the Bankruptcy Code and to the direct detriment to the Debtors' estates and creditors.

### *Request to Reclassify the Priority Status of Claims*

6.     Furthermore, the Trust has reviewed the proofs of claim identified in the column labeled "Claim Number" on Exhibit B (the "Reclassification Claims") and has determined, for the reasons set forth on Exhibit B, that each Reclassification Claims improperly asserts, in whole or in part, the appropriate priority for such claim pursuant to section 507 of the Bankruptcy Code.

7.     The Trust seeks to reclassify the Reclassification Claims to ensure that the Reclassification Claimants do not receive a disproportionately large distribution on account of

the asserted liabilities or receive a general unsecured claim with respect to those portions of their claims that are secured by setoff or similar rights. If the relief requested herein is not granted, the Reclassification Claimants might receive disproportionately larger distributions than other, similarly situated claimants in these cases. In addition, the improper classification of certain of the Reclassification Claims as secured or priority claims might allow certain claimants to recover additional amounts to which they are not otherwise entitled, such as postpetition interest and other costs. See, e.g., 11 U.S.C. § 506(b) (allowing an oversecured creditor to recover postpetition interest and certain other expenses not available to unsecured creditors). Accordingly, the Trust requests that each Reclassification Claim be reclassified to the applicable priority identified in the column labeled "Modified Classification Status" on the attached Exhibit B.

### *Request to Reclassify Claims Against the Correct Debtor*

8.      The Debtors, as described in footnote 1 above, consisted of seven distinct legal entities. For various reason, including the similarity of the names of many of the Debtors and the fact that these chapter 11 cases are being jointly administered under one case name and number, many creditors file claims against the wrong legal entity or using the wrong case number. The Trust seeks to reclassify these incorrect filings to the correct legal entity. The Trust has reviewed the claims identified on the attached Exhibit C (the "Wrong Debtor Claims") and has determined that each claimant failed to assert its Wrong Debtor Claim against the proper Debtor for one or more of the following reasons: (a) the Wrong Debtor Claim is asserted against a Debtor that has no liability in respect of the Wrong Debtor Claim; (b) the Wrong Debtor Claim does not identify the Debtor against which it is asserting liabilities; or (c) the Wrong Debtor Claim identifies more than one Debtor against which it is asserting liabilities. The Debtor, if

any, against which the Wrong Debtor Claim is asserted is identified under the column labeled the "Asserted Debtor Case" for each claim on the attached Exhibit C.

9.      Based on the Trust's review of the Debtors' books and records and its analysis of the underlying liabilities, the Trust has determined that the Debtor identified under the column labeled "Correct Debtor Case" on Exhibit C is the Debtor that is potentially liable in respect of the claims asserted in the corresponding Wrong Debtor Claim. Accordingly, each Wrong Debtor Claim should have been filed against the applicable "Correct Debtor Case." The Debtors hereby request that each Wrong Debtor Claim be deemed asserted against the Debtor identified under the column labeled "Correct Debtor Case" on the attached Exhibit C to reflect the appropriate Debtor.

## Reservation of Rights

10.      The Trust reserves the right to object further to each of the claims that are the subject of this Motion (the "Claims") or any other claims asserted by the claimants asserting the Claims (the "Claimants") on any and all additional factual or legal grounds. Without limiting the generality of the foregoing, the Trust specifically reserves the right to amend this Omnibus Objection, file additional papers in support of this Omnibus Objection, file a subsequent objection on any ground to any of the Claims that is not disallowed in its entirety as requested herein or take other appropriate actions to (a) respond to any allegation or defense that may be raised in a response filed by or on behalf of any of the Claimants or other interested parties, (b) further object to any Claim for which a Claimant provides (or attempts to provide) additional documentation or substantiation or (c) further object to any Claim based on additional information that may be discovered upon further review by the Trust or through discovery pursuant to the applicable provisions of Part VII of the Bankruptcy Rules.

COI-1368797v2
DB02:5876958.1

064657.1001

**Notice**

11.     No trustee or examiner has been appointed in these chapter 11 cases. Notice of this Motion has been provided to: (a) the United States Trustee for the District of Delaware; (b) the Claimants and their counsel, if known; and (c) parties entitled to receive notices under Bankruptcy Rule 2002. In light of the nature of the relief requested, the Trust submits that no further notice need be given.

12.     Pursuant to Bankruptcy Rule 3007, the Trust has provided each Claimant with at least 30 days' notice of the hearing on this Omnibus Objection.

**Compliance With Local Rule 3007-1**

13.     This Omnibus Objection complies with Local Rule 3007-1.

**No Prior Request**

14.     No previous request for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trust respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit E: (i) granting the relief requested, pursuant

to section 502 of the Bankruptcy Code; and (ii) granting such other and further relief as the Court

may deem just and proper.

Dated: March 30, 2007
      Wilmington, Delaware

YOUNG CONAWAY STARGATT & TAYLOR, LLP

_____

M. Blake Cleary (No. 3614)
Matthew B. Lunn (No. 4119)
Ian S. Fredericks (No. 4626)
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6759
Facsimile:    (302) 571-1253

- and -

JONES DAY
Paul D. Leake
Brad B. Erens
Scott J. Friedman
222 East 41st Street
New York, New York 10017
Telephone:  (212) 326-3939
Facsimile:  (212) 755-7306

Counsel to the FLYi and Independence Air
Distribution Trust

# EXHIBIT A

## [Reduction Claims Chart]

Claims with Modified Amount
Exhibit A

IN RE FLYi, INC., ET AL., CASE NO. 05-20011 (MFW) Jointly Administered
SUBSTANTIVE OBJECTION
EXHIBIT A – CLAIMS WITH MODIFIED AMOUNT

| Name of Claimant | Claim Number | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|
| Cintas | 3659 | $196,877.69 | $15,290.42 | Claim was filed in the amount of $196,877.69, but only includes supporting invoices in the amount of $15,290.42. The debtors' records only support this amount. The remaining claim of $181,587.27 is missing supporting documentation, and the debtors' records do not support this portion of the claim. Accordingly, the claim should be reduced to $15,290.42. |
| Greater Orlando Aviation Authority | 5355 | $1,007,837.00 plus interest | $974,443.00 | Unsecured claim filed for lease rejection damages in an amount allegedly equal to the amount permitted by section 502(b)(6) of the Bankruptcy Code. However, the claimant does not include any information regarding actual damages under the lease, including mitigation. The claim was filed in the amount of $1,007,837.00. Section 502(b)(6) limits the claim to the greater of (i) one year or (ii) 15%, not to exceed three years, of "rent reserved without acceleration" under the lease. This amount should be calculated based on the amount of "rent reserved" in effect on the earlier of the petition date or the termination date. In this instance, the earlier date is the petition date, and one year of "rent reserved" as of that date is equal to $974,443.00, which is greater than 15% of the remaining term. Thus, pursuant to section 502(b)(6) of the Bankruptcy Code, the claim should be reduced by $33,394 to $974,443.00. The distribution trustee reserves the right to argue that the claim should be reduced to the and allowed in the amount of the actual damages once further information is received from the claimant. Specifically, if the actual damages are less than the amount permitted by section 502(b)(6) of the Bankruptcy Code, the claim should be reduced to and allowed in the amount of the actual damages. Otherwise, the claim should be allowed in the amount of $974,443.00, which is the amount permitted under section 502(b)(6) of the Bankruptcy Code. Once this claim is allowed and the amount is fixed, prior to any distribution, the distribution trustee will reduce the amount of the claim by $139,370.70 which represents the mutually agreed upon amount of the remaining pre-petition credit owed to the debtors by the claimant. |

**Claims with Modified Amount**
**Exhibit A**

**IN RE FLYi, INC., ET AL., CASE NO. 05-20011 (MFW) Jointly Administered**
**SUBSTANTIVE OBJECTION**
**EXHIBIT A - CLAIMS WITH MODIFIED AMOUNT**

| Name of Claimant | Claim Number | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|
| Loudoun Gateway Iii Llc | 5473 | $2,324,324.16 | $1,163,303.41 | Unsecured claim filed for lease rejection damages under section 502(b)(6) of the Bankruptcy Code. To determine the proper amount of the claim, the courts in this District utilize a two-part analysis.See In re Crown Books Corp., 291 B.R. 623, 625 (Bankr. D. Del. 2003) (Walrath, J.) First, the Court will analyze the terms of the lease to determine the total damages resulting from rejection, which should include damages under the lease, less any mitigation. Once the actual damages are calculated, the court will analyze the claim under section 502(b)(6) of the Bankruptcy Code. Since the underlying lease was rejected, the debtors occupied a reduced area of the premises. Effective November 30, 2006, the claimant sold the property to another party and the area previously occupied by the debtors is now occupied by the purchaser. Thus, the maximum amount of the claimant's actual damages is $1,163,303.41, which represents the difference between the amount paid and the monthly rent plus operating expenses under the rejected lease due from the rejection date through November 30, 2006. The distribution trustee reserves the right to argue that the claimant further mitigated its damages and this amount should be less once further information is received from the claimant. The claimant appears to have calculated the amount of its claim ($2,324,324.16) based on section 502(b)(6) of the Bankruptcy Code. However, based on the debtors' books and records and the framework for calculating the claim set forth in section 502(b)(6) of the Bankruptcy Code, the claimant's amount is overstated. Section 502(b)(6) limits the claim to the greater of (i) one year or (ii) 15%, not to exceed three years, of "rent reserved without acceleration" under the lease. This amount should be calculated based on the amount of "rent reserved" in effect on the earlier of the petition date or the termination date. Thus, pursuant to section 502(b)(6) of the Bankruptcy Code, the claim should be reduced by $201,355.76 to $2,122,988.40. Because the maximum amount of actual damages under the lease ($1,163,303.41) is less than the calculation under section 502(b)(6) of the Bankruptcy Code ($2,122,988.40), the claim should be allowed in the maximum of amount of $1,163,303.41. Thus, the claim, as filed, should be reduced by $1,161,020.75. Once this claim is allowed and the amount is fixed, prior to any distribution, the distribution trustee will reduce the amount of the claim by $155,567.79, which represents the amount of the security deposit held by the claimant. |
| Pennsylvania Department of Revenue | 3635 | $10,302.60 Unsecured Priority / $157.00 General Unsecured | $261.60 Unsecured Priority | Claim filed for 2004 and 2005 corporation taxes and Q4 05 withholding tax.  The Debtors dispute the 2004 corporation tax of $2,360.00, as our return filed on September 15, 2005 reflected taxes due of $5,857.00, which resulted in a refund of $56,741.00, which the Debtors have already received.  As the 2004 corporate tax was paid timely, the penalty of $157.00 should be disallowed. The Debtors also dispute the 2005 corporate tax of $8,000.00, as they filed a tax return, which reflected taxes due of $162.00, so claim should be reduced to the amount of $261.60.  See Exhibit B with respect to modified general unsecured status. |

**Claims with Modified Amount**
**Exhibit A**

**IN RE FLYi, INC., ET AL., CASE NO. 05-20011 (MFW) Jointly Administered**
**SUBSTANTIVE OBJECTION**
**EXHIBIT A - CLAIMS WITH MODIFIED AMOUNT**

| Name of Claimant | Claim Number | Claim Amount | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|
| The Allegheny County Airport Authority | 2548 | $8,483,701.00 | $914,486.00 | Unsecured claim filed for lease rejection damages in an amount allegedly equal to the actual damages under the lease. However, the claimant does not include any information regarding whether the actual damages have been mitigated. The claim was filed in the amount of $8,483,701. Section 502(b)(6) limits the claim to the greater of (i) one year or (ii) 15%, not to exceed three years, of "rent reserved without acceleration" under the lease. This amount should be calculated based on the amount of "rent reserved" in effect on the earlier of the petition date or the termination date. In this instance, the earlier date is the petition date, and one year of "rent reserved" as of that date is equal to $914,486, which is greater than 15% of the remaining term. Thus, pursuant to section 502(b)(6) of the Bankruptcy Code, the claim should be reduced by $7,569,215 to $914,486. The distribution trustee reserves the right to argue that the claim should be reduced to and allowed in the amount of the actual damages once further information is received from the claimant regarding mitigation. Specifically, if the actual damages are less than the amount permitted by section 502(b)(6) of the Bankruptcy Code, the claim should be reduced to and allowed in the amount of the actual damages. Otherwise, the claim should be allowed in the amount of $914,486, which is the amount permitted under section 502(b)(6) of the Bankruptcy Code. |
| Witness Systems Inc | 4854 | $7,947.94 | $2,879.94 | Administrative claim filed for software support and renewals, but the Debtors' records dispute 2/1/06 - 8/7/06 charges for $5,068.00, and per mutual agreement with the claimant, claim should be reduced to the amount of $2,879.94. |

3/30/2007

## EXHIBIT B

**[Reclassification Claims Chart]**

Claims with Modified Priority
Exhibit B

IN RE FLYi, INC., ET AL., CASE NO. 05-20011 (MFW) Jointly Administered
SUBSTANTIVE OBJECTION
EXHIBIT B - CUSTOMER CLAIMS WITH MODIFIED PRIORITY

| Name of Claimant | Claim Number | Claim Amount | Asserted Classification Status | Modified Classification Status | Reason for Modified Classification |
|---|---|---|---|---|---|
| Aviation Airport Services Inc RTS | 4629 | $4,841.74 | Unsecured Priority | General Unsecured | Claim filed for $4,841.74 unsecured priority status pursuant to section 507(a)(4), but claim was not for wages, salaries or commissions, so claim should be reclassified as general unsecured debt. |
| Ingco, Leah | 3821 | $2,624.00 | Unsecured Priority | General Unsecured | Company records confirm that this pre-petition severance settlement is valid.  The four weeks severance pay for March 7, 2005 to April 7, 2005 is more than 180 days prior to the filing of the bankruptcy, so the claim status should be modified to general unsecured status. |
| Oasis Vineyard Inc | 3435 | $2,985.84 | Administrative Priority | $1,044.00 General Unsecured / $1,941.84 Administrative Priority | Administrative claim filed for multiple invoices, but the Debtors' records reflect that post-petition invoice #77 was paid with check #30002502 for $1,941.84 on 2/28/07.  The remaining invoice for $1,044.00 should be reclassified to general unsecured status, as delivery of those goods occurred prior to the 11/07/05 petition date. |
| Pennsylvania Department of Revenue | 3635 | $10,459.60 | $10,302.60 Unsecured Priority / $157.00 General Unsecured | $261.60 Unsecured Priority | Claim filed for 2004 and 2005 corporation taxes and Q4 05 withholding tax.  The Debtors dispute the 2004 corporation tax of $2,360.00, as our return filed on September 15, 2005 reflected taxes due of $5,857.00, which resulted in a refund of $56,741.00, which the Debtors have already received.  As the 2004 corporate tax was paid timely, the penalty of $157.00 should be disallowed. The Debtors also dispute the 2005 corporate tax of $8,000.00, as they filed a tax return, which reflected taxes due of $162.00, so claim should be reduced to the amount of $261.60.  See Exhibit A with respect to modified claim amount. |

# EXHIBIT C

**[Wrong Debtor Claims Chart]**

Claims with Modified Debtor
Exhibit C

IN RE FLYi, INC., ET AL., CASE NO. 05-20011 (MFW) Jointly Administered
SUBSTANTIVE OBJECTION
EXHIBIT C - CLAIMS WITH MODIFIED DEBTOR

| Name of Claimant | Claim Number | Claim Amount | Asserted Debtor Case | Correct Debtor Case | Reason for Modification |
|---|---|---|---|---|---|
| City of Chicago | 5417 | $67,160.35 | Atlantic Coast Airlines, Inc. | Independence Air, Inc. (CA) (formerly Atlantic Coast Airline | Claim allowed in reduced amount of $50,396.59 pursuant to settlement agreement of 12/28/06; and was subsequently paid based on settlement which resulted in a net refund of $826,310.23 to Debtors. |
| Rockefeller Group Technology Solutions Inc | 2213 | $1,349.74 | FLYi, Inc. (formerly Atlantic Coast Airlines Holdings, Inc.) | Independence Air, Inc. (CA) (formerly Atlantic Coast Airline | Modify debtor from FLYi, Inc. to Independence Air, Inc. |
| Rockefeller Group Technology Solutions Inc | 2379 | $833.34 | FLYi, Inc. (formerly Atlantic Coast Airlines Holdings, Inc.) | Independence Air, Inc. (CA) (formerly Atlantic Coast Airline | Modify debtor from FLYi, Inc. to Independence Air, Inc. |
| State of New Jersey Division of Taxation | 5673 | $394.94 | FLYi, Inc. (formerly Atlantic Coast Airlines Holdings, Inc.) | Independence Air, Inc. (CA) (formerly Atlantic Coast Airline | Modify debtor from FLYi, Inc. to Independence Air, Inc. |

## EXHIBIT D

## [Declaration]

UNITED STATES BANKRUPTCY COURT
DISTRICT OF DELAWARE

---------------------------------------------------------x
                            :

In re                         : Chapter 11
                            :

      FLYi, Inc., *et al.*,[1]         : Case No. 05-20011 (MFW)
                            :

                   Debtors.    : (Jointly Administered)
                            :
                            :
                            :
--------------------------------------------------- X

## DECLARATION OF LISA WILKINS

Lisa Wilkins declares, pursuant to the provisions of 28 U.S.C. § 1746:

    1.     I am a consultant to the FLYi and Independence Air Distribution Trust (the "Trust"), successor in interest to and transferee of the above-captioned debtors (the "Debtors"). I formerly served as the Controller to the Debtors, and I am familiar with the Debtors' business affairs and books and records.

    2.     I make this Declaration in connection with the Omnibus Objection No. 30 (Substantive) and Motion to Reduce and Reclassify Certain Proofs of Claim (the "Omnibus Objection"). Capitalized terms not otherwise defined herein have the meanings given to them in the Omnibus Objection.

    3.     I am one of the individuals responsible for coordinating and supervising the review and analysis of all filed and scheduled claims in the Debtors' chapter 11 cases. Accordingly, I am familiar with the activities that have taken place to date with respect to the

---

[1]     The Debtors are the following seven entities (the last four digits of their respective taxpayer identification numbers, if any, follow in parentheses): FLYi, Inc. (1051); Independence Air, Inc. (1749); Atlantic Coast Jet, LLC (1492); Atlantic Coast Academy, Inc. (9852); IA Sub, Inc. (none); WaKeeney, Inc. (none); and Atlantic Coast Airlines, Inc. (none). The address of each of the Debtors is 45200 Business Court, Dulles, VA 20166.

claims asserted in these cases, including all of the facts and circumstances described in the Omnibus Objection and the relief requested therein.

      4.     To the best of my knowledge and belief, the information contained in Exhibits A, B and C to the Omnibus Objection is true and correct.

      In accordance with 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct and that this Declaration was executed on March 30, 2007.

_____
Lisa Wilkins

**EXHIBIT E**

**[Proposed Order]**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

```
-------------------------------------------------------x
                                        :
In re                                   : Chapter 11
                                        :
        FLYi, Inc., et al.,¹            : Case No. 05-20011 (MFW)
                                        :
                        Debtors.        : (Jointly Administered)
                                        :
                                        : Ref. Doc. No. ____
                                        :
-------------------------------------------------------x
```

## ORDER REDUCING OR RECLASSIFYING CERTAIN
## PROOFS OF CLAIM (OMNIBUS OBJECTION NO. 30)

This matter coming before the Court on the Omnibus Objection No. 30

(Substantive) and Motion to Reduce or Reclassify Certain Proofs of Claim ("Omnibus Objection

No. 30")[2] filed by the FLYi and Independence Air Distribution Trust (the "Trust"), as successor

in interest to and transferee of the above-captioned debtors (the "Debtors"); the Court (a) having

reviewed Omnibus Objection No. 30 and all pleadings relating thereto and (b) having heard the

statements of counsel with respect to the relief requested in Omnibus Objection No. 30 at a

hearing before the Court (the "Hearing"); the Court finding that (a) the Court has jurisdiction

over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to

28 U.S.C. § 157(b)(2) and (c) notice of Omnibus Objection No. 30 and the Hearing was

sufficient under the circumstances; and the Court having determined that the legal and factual

---

[1]    The Debtors are the following seven entities (the last four digits of their respective taxpayer identification
numbers, if any, follow in parentheses): FLYi, Inc. (1051); Independence Air, Inc. (1749); Atlantic Coast
Jet, LLC (1492); Atlantic Coast Academy, Inc. (9852); IA Sub, Inc. (none); WaKeeney, Inc. (none); and
Atlantic Coast Airlines, Inc. (none).  The address of each of the Debtors is 45200 Business Court, Dulles,
VA 20166.

[2]    All capitalized terms not otherwise defined herein have the meanings given to them in Omnibus Objection
No. 30.

bases set forth in Omnibus Objection No. 30 and at the Hearing establish just cause for the relief

granted herein;

IT IS HEREBY ORDERED THAT:

1.       Omnibus Objection No. 30 is GRANTED.

2.       Each of the Reduction Claims is reduced to the applicable amount

identified in the column labeled "Modified Claim Amount" on Exhibit A to the Omnibus

Objection.

3.       Each of the Reclassification Claims identified on Exhibit B to the

Omnibus Objection is reclassified to the applicable priority identified in the column labeled

"Modified Classification Status" on Exhibit B to the Omnibus Objection.

4.       Each of the Wrong Debtor Claims identified on Exhibit C to the Omnibus

Objection is reclassified in its entirety as a claim against the Debtor identified under the column

labeled "Correct Debtor Case" on Exhibit C.

5.       The Trust and the Trust's claims and noticing agent are authorized to take

all actions necessary or appropriate to give effect to this Order.

Dated: May_____, 2007
      Wilmington, Delaware

_____
MARY F. WALRATH
CHIEF UNITED STATES BANKRUPTCY JUDGE